LOUIE FRICKIE v. THE STATE.

No. 1381. Decided May 31, 1899.

**1. County Court—Changing Terms of—Construction of Statute.**

By provision of article 5, section 39, of the Constitution, as well as by article 1168, Revised Statutes, after the commissioners court has once fixed the terms of the county court by regular order entered of record, it can not change the number of terms of said court until the expiration of one year. Held, that a proper construction of these provisions means that no change shall be made authorizing the holding of the new terms within the year. The order for the change may legally be made before the expiration of the year, to go into effect after the year has expired. The provisions do not refer to the date of the entry of the order making the change, but to the time at which the new term of court can be held under the order.

**2. Local Option—Certified Copies of Orders of Commissioners Court— Filing and Notice of.**

It is not required that certified copies of the orders of the commissioners court ordering a local option election, or declaring the result thereof, should be filed with the record and notice given to the defendant to render them admissible as evidence. The statute expressly declares their admissibility. Rev. Stats., art. 2306.

**3. Same—Charge of Court.**

On a trial for violation of local option, where the court instructed the jury, "the law does not recognize any degrees in intoxication, and any alcoholic liquor which will produce intoxication in any degree, in law would be intoxicating liquor." Held, it can not be perceived how the charge could have injured defendant, since, if the liquor sold was intoxicating, the defendant would be guilty whether the purchaser became intoxicated in any degree or not.

**4. New Trial—Newly Discovered Evidence.**

To entitle a defendant to a new trial for newly discovered evidence, he must make oath that he had no knowledge of the evidence prior to the trial. Evidence is not newly discovered which is a matter of common knowledge in the community.

APPEAL from the County Court of Bosque. Tried below before Hon. W. B. THOMPSON, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

No statement necessary.

*Word, Dillard & Word,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law. The first bill of exceptions questions the jurisdiction of the county court to hear and determine the cause. In this connection it is made to appear that the commissioners court, on the 16th of May, 1895, entered an order to the effect that the county court should hold four terms each year, beginning, respectively, on the first Monday in March and the third Mondays in May, July, and October. On the 14th day of May, 1896, said commissioners court ordered there should be four terms of the county court each year for criminal, civil, and probate business, and one term for criminal and probate business. The four terms

referred to were to begin on the third Mondays in March, May, July, and October, and the other term was to begin on the first Monday in January. The point of contention arises out of the fact that it was not a year from the 16th of May, 1895, when the first order was entered, to May 14, 1896, when the second order was made. Our Constitution (article 5, section 29) provides that the county court shall hold at least four terms for civil and criminal business annually, as may be provided by the Legislature or the commissioners court, provided, the commissioners court of any county, having fixed the time and number of terms of the county court, shall not change the same again until the expiration of one year. Article 1168, Revised Statutes, authorizes the commissioners court, by an order entered at a regular term, to provide for more than four terms of the county court each year, and to fix the time at which each of the four terms shall be held, limiting the number to six annually, provided, "that when the commissioners court shall have fixed the number of terms of the county court by an order entered of record, said court shall not change the number of terms of the county court for one year from the date of the entry of the original order fixing the terms of the county court." Now, under this language it is contended that, because the second order was entered on the 14th day of May, 1896, a full year not having elapsed by two days, the order is void. We do not agree with this contention. As we understand the object of the Constitution, as well as the statutes, a change in the terms of the court—that is, the time of holding said terms—shall not occur within the year. If the second order had provided that either of the terms of the county court should take place within twelve months from the date of the entry of the first order, the contention of appellant would be sound; but the statute, in our opinion, does not refer to the date of the entry of the order, but to the time at which the court will be held under said order.

Motion was made to quash the indictment for several reasons. We deem it unnecessary to discuss them. The indictment is in good form, and such as we have universally approved.

Appellant objected to the introduction in evidence of the certified copy of the order of the commissioners court ordering the election for local option to be held on the 8th of June, 1895, because it was not the best evidence, and because a copy had not been filed among the papers, nor had notice been given to defendant, and because the absence of the original order of the commissioners court ordering the election for June 8, 1895, had not been accounted for. The same objections were also urged to the copy of the order of the commissioners court declaring the result of the election. There is no merit in these contentions. See Rev. Stats., art. 2306.

The county attorney requested, and the court gave, the following charge: "The law does not recognize any degrees in intoxication, and any alcoholic liquor which will produce intoxication in any degree in law would be intoxicating liquor." This is rather a singular charge. We are of opinion that under the local option law, whether or not the law

recognizes such degrees or not would be immaterial. If the liquor was intoxicating, and was sold in violation of the law, the party would be guilty whether the purchaser was intoxicated in any degree. We do not see, however, how this charge could have injured appellant.

Attached to the motion for new trial is the affidavit of one E. J. Wilson, who states that he lived in Clifton, Bosque County,.in the spring of 1897, and knows that all kinds of liquids were at that point called "gingerine;" that when wanting water he had often heard parties call for "gingerine" and get water; that the term "gingerine" was a general one, and did not mean anything in particular; that he was a boot and shoe maker by trade, and now resided in Meridian, Bosque County; that he never made this known to defendant or his attorneys until after the trial. This is not shown to be newly discovered evidence. Appellant, in his motion, alleges as one of the grounds of the same that he is entitled to a new trial "because of the newly discovered evidence of E. J. Wilson, as per affidavit attached." He does not swear to this, and this is not a statement of the fact that he had no knowledge of this transaction prior to the trial. If Wilson states the truth, it seems to us that it would have been a very easy matter for appellant to have known whether the testimony could be obtained, for Wilson states in his affidavit "that all kinds of liquids at Clifton were called 'gingerine,' and that in calling for water he had often heard parties ask for 'gingerine' and get water." It was at Clifton where this offense was alleged to have been committed, and the liquid bought was "gingerine."

Some special charges were asked by defendant, which we believe were properly refused by the court. If the testimony of Kell, the main State's witness, be true, this judgment should be affirmed. The witness Johnson is also shown to have bought gingerine, and testified to the fact that it would produce intoxication, and that he himself felt the effect of it. The judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing, filed June 6, 1899, was overruled without a written opinion.—Reporter.]