### A. W. Gotcher v. The State.

#### No. 1791. Decided May 22, 1912.

**1.—Theft of Cattle—Continuance—Want of Diligence—Motion for New Trial.**

Where, upon trial of theft of cattle, defendant's motion for continuance showed a want of diligence and was wholly insufficient, there was no error in overruling same. Statement of facts of testimony on motion for new trial must be filed before adjournment.

**2.—Same—Evidence—Bill of Exceptions.**

Where appellant's bill of exceptions did not show that the testimony as to the efforts made by the deputy sheriff to ascertain the defendant's whereabouts, etc., was inadmissible, there was no error; besides, the same character of testimony had been admitted without objection.

**3.—Same—Evidence—Flight.**

Upon trial of theft of cattle, there was no error in introducing testimony as to the flight of the defendant.

**4.—Same—Newly Discovered Evidence.**

Where the motion for new trial did not show that the alleged absent testimony was newly discovered evidence, and was not sworn to, there was no error in overruling same.

**5.—Same—Sufficiency of the Evidence.**

Upon trial of theft of cattle, where the evidence sustained the conviction, there was no error.

**6.—Same—Charge of Court—Assignments of Error.**

Where no complaint was made to the charge of the court except in the assignment of errors, several weeks after the court had adjourned, the same could not be considered on appeal.

Appeal from the District Court of Nolan. Tried below before the Hon. James L. Shepherd.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Eidson,* for appellant.—On question of motion for continuance: Smith v. State, 54 Texas Crim. Rep., 617; Lopez v. State, 52 id., 226; Fossett v. State, 41 id., 400; Hardin v. State, 40 id., 208.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—On October 19, 1910, appellant was indicted for the theft of one cattle, charged to have been committed on June 18, 1910. Some time after that he was arrested and made bond. On November 13, 1911, he was tried and convicted and the jury assessed his punishment at two years in the penitentiary.

This trial was the second at that term of court. It seems the first trial was had some days before which resulted in a hung jury. The next day after the first jury failed to agree the case was again called for trial. The trial was concluded on November 14, 1911. The term of court adjourned on November 25, 1911.

On November 13, when the cause was called for trial the second time at that term, appellant made a motion for continuance on the ground of the absence of Frank Payne and one Coker, residents of Bexar County. The application shows he wanted to prove by them that he, appellant, was not one of three men whom Thrasher, the owner of the cattle, said he saw riding in his pasture late on the evening of June 18, 1910, about sundown, or after sundown. Thrasher, State's witness and owner of the cattle, on cross-examination—not on direct examination by the State—did swear that he saw three men about a half mile away riding in his pasture about sundown or between sundown and dusk; that he could not and did not recognize them, or pretend to say who either of them were, nor what they were doing.

The continuance was also sought for a witness named Bud Anderson, who lived in Nolan County. Appellant expected to prove by Anderson that he was working for him, Anderson, and that he never left Nolan County for some time after the witness Thrasher swore he did and that he was then corresponding with parties at Douglas, Arizona, relative to accepting a position with them and did afterwards accept and go there and work for them; and that he never left Nolan County until long after the witness Boyd swore he did. The application does not show that any process whatever was ever issued for any of these witnesses.

The record shows that in considering the motion for new trial on that ground the court heard evidence. There is with the record a purported statement of facts heard on that motion, but it was not filed until long after the adjournment of the court. That evidence

can not be considered by us in the case. Probest v. State, 60 Texas Crim. Rep., 608, and cases there cited. The court, in approving the bill denying the motion did so with this qualification:

"The sixth requirement of defendant's first application for continuance was not complied with; nor were the facts sought to be elicited from the parties named as witnesses material, nor sufficient.

"The court gave defendant an entire day to procure the witness Anderson, no diligence was made to secure his attendance. Longworth was only sixteen miles distant and connected with Sweetwater by rail and by phone and by telegraph and witness was shown to be at Longworth." After a careful consideration of the whole matter, we are of the opinion that the application for a continuance was wholly insufficient and appellant presents no reversible error on that ground.

By another bill of exceptions appellant complains that while Polk, one of the State's witnesses, was on the stand, the State asked him this question: "Tell the jury what effort as deputy sheriff you made to ascertain the defendant's whereabouts immediately after these cattle was claimed and taken from Freeze & Boyd by Grogan?" That appellant objected to this because it was irrelevant, immaterial and tended to prove no issue in the case and whatever was done could have been done for the purpose of making evidence against defendant. The court overruled these objections and the witness testified: "The first thing I did was to try to find Gotcher in town; I went on the streets and searched for him; after supper I inquired among his associates, then I went to the train that went west and he did not leave at that time, then I sent a telegram to the sheriff of Sierra Blanca, describing Gotcher, and told him to arrest him; then I wired the police at El Paso to meet the train and arrest him there." This is in substance the whole of the bill. It will be seen that from it we can not tell whether this evidence was admissible or not, nor what effect it had on the case. As presented it does not show any reversible error. Besides this, substantially the same testimony was given by Mr. Crutcher, the sheriff, without any objection whatever by appellant.

Again, the record shows from the State's side, flight by the appellant very soon, if not immediately, after the stolen cattle were identified and shown to have been sold by the appellant to some butchers on the very day the indictment charges they were stolen. It is always permissible to show flight of and search for the accused.

The next ground of appellant is claimed newly discovered evidence, and for that purpose he attaches the affidavit of said witness Bud Anderson. Appellant himself does not swear to his motion. He does not show that it is newly discovered evidence, because, if the affidavit of Anderson is true, it shows that on the day the cattle was stolen appellant was at work for him at a certain place and time and could not have been the person who sold the cattle. Of course,

if this was a fact, appellant knew it as well or better than Anderson. This ground of his complaint is wholly insufficient to show newly discovered evidence. Gray v. State, 144 S. W. Rep., 283.

The evidence by the State showed clearly that the appellant on the morning of June 18, 1910, the date charged in the indictment, sold to Freeze & Boyd the cattle charged to have been stolen with seven others and that they paid him $120 in a check on a bank for the eight head; that he at that time claimed to Freeze & Boyd that his name was A. W. Golston, and that he cashed that check at the bank, signing his name A. W. Golston. , That on the back of that check he made them a bill of sale to the eight head of cattle, signing his name A. W. Golston. Other checks were produced where he had also signed his own name and several witnesses testified positively that whoever signed this check signed all of them. These two witnesses, Freeze & Boyd, identified him positively as the person who sold them on that date the stolen cattle. It was also shown by several officers and bank officials that no such man as A. W. Golston was in that county or had ever lived there. The evidence clearly sustained the verdict.

The only other question raised by appellant is, he claims that the court erred in not charging on circumstantial evidence. No such complaint was made in the lower court in any way and in fact no complaint whatever was therein made to the charge of the court, which charge of the court is full and correct. The first time that he assigned this as any error was several weeks after the court adjourned. This court has always held that assignments filed at that time can not be considered by the court. That we can only consider assignments made to the charge of the court in the lower court by either bills of exceptions or the motion for new trial filed during the term of court.

There being no error, the judgment is affirmed.

*Affirmed.*