JIMMIE ARNOLD v. THE STATE.

No. 13597. Delivered June 25, 1930.
Reported in 29 S. W. (2d) 762.

The opinion states the case.

*Sam W. Davis* and *J. A. Collier,* both of Houston, for appellant.

*O'Brien Stevens,* Cr. Dist. Attorney, and *E. T. Branch,* both of Houston, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft, a felony; the punishment, confinement in the penitentiary for two years.

L. E. Gross lost a Buick coupe from his place of business in the city of Houston. The car was recovered several days after it had been stolen on a road out of Houston. No one was in actual possession of the car at the time it was found. When returned to the owner, the number plates, bumper, horn and radiator cap were missing. Shortly after the loss of the car, appellant was seen driving a Buick coupe bearing license number 523,231, and approximately an hour after appellant had been seen in the Buick car, a state's witness saw him driving a DeSoto automobile. Being advised of the theft of the DeSoto car, officers, upon making an investigation, discovered it parked on a street near appellant's home. Before approaching the

car the officers watched it through field glasses. They saw appellant approach the DeSoto and make a movement as if he were locking the door. The door of the car had been previously inspected and found unlocked. When the officers reached the DeSoto the door was locked. They did not find the key. As the officers approached the car, appellant fled. The officers pursued him. The license number on the DeSoto was the same as that the witnesses had seen on the stolen Buick car. The officers found an automobile horn in the DeSoto automobile, a bunch of "safe-cracker's" tools, a sledge hammer, gasoline punch, and several chisels. They also found in the car a handkerchief belonging to appellant. Handkerchiefs bearing corresponding laundry marks were found in appellant's room. A bumper was found in appellant's yard. The bumper and horn were thoroughly examined, and found to belong to the stolen Buick car, from which they had been removed. Appellant did not testify in his own behalf. He offered witnesses who testified that the car driven by appellant shortly after the theft was not a Buick. The state introduced witnesses who testified to contradictory statements made by appellant's witnesses, that is to say, they testified that said witnesses had previously stated to them that the car driven by appellant on the occasion in question was a Buick.

We are unable to reach the conclusion that the evidence is insufficient.

Appellant's motion for a new trial was in part predicated upon newly discovered evidence, it being averred therein that one Johnnie Dew would testify that he stole the Buick car in question, and that appellant had no connection with the theft thereof. Appended to the motion was the affidavit of the witness. The court heard evidence on the motion. It developed that the witness Dew had sat with appellant and his attorney during the entire trial; that said witness stayed with appellant in his home, wore appellant's clothes, and that he and appellant were intimate friends. It does not appear that appellant or his counsel at any time asked the witness what he knew about appellant's case. And this, notwithstanding the fact that it developed upon the trial that the bumper and horn from the stolen Buick were found in appellant's yard and in the DeSoto car, respectively, where appellant must have seen them. Appellant knew that the witness was familiar with his home surroundings. Having heard the witnesses for the state testify to having found parts of the stolen automobile at the very place Dew was accustomed to stay, it was incumbent upon appellant in the exercise of proper diligence

to make inquiry of the witness as to facts within his knowledge concerning the matter. Although the witness sat by his side, appellant failed to make the inquiry. We are of the opinion that appellant failed to show that it was not owing to want of diligence that the evidence in question was not discovered sooner. It is the general rule that the discretion of the trial court in overruling a motion for new trial sought to obtain testimony claimed to be newly discovered will not be revised on appeal if it appears that the accused failed to exercise due diligence to produce such testimony at the time of the trial. Branch's Annotated Penal Code, Section 198.

In the light of the testimony heard by the learned trial judge and of the facts proved on the trial, we are of the opinion that it clearly appears that the trial court was justified in concluding that the alleged newly discovered evidence is not probably true. We quote the rule from Branch's Annotated Penal Code, Section 200, as follows:

"Where it clearly appears that the newly discovered testimony is not probably true, either by reason of the facts proven at the trial or by the controverting affidavits on the motion, or otherwise, a new trial sought on that ground is properly denied."

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.