RUEL MOORE v. THE STATE.

No. 14863.   Delivered March 2, 1932.
Appeal Reinstated April 13, 1932.
Rehearing Denied June 22, 1932.
Reported in 51 S. W. (2d) 583.

The opinion states the case.

*Bozeman & Cathey,* of Quitman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

### ON APPEAL TO DISMISS.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for two years.

The recognizance for the appeal is fatally defective. It is in the form of an ordinary appearance bond. It fails to state that appellant was convicted of a felony; and nowhere therein is appellant bound to abide the "judgment of the Court of Criminal Appeals of the State of Texas." Article 817, C. C. P.; Smart v. State, 116 Texas Crim. Rep., 639, 32 S. W. (2d) 197; Lynch v. State, 102 Texas Crim. Rep., 638, 279 S. W., 271. Appellant being enlarged on a fatally defective recognizance, this court is without jurisdiction. Smart v. State, supra; Read v. State, 109 Texas Crim. Rep., 314, 4 S. W. (2d) 547.

Appellant is granted fifteen days from this date in which to perfect his appeal.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.

ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

Witnesses for the state testified that they went to a whisky still and found appellant and some other parties there. They gave it as their opinion that the still had a capacity of about 150 gallons. They said at the time they appeared on the scene whisky was being manufactured. We quote from the testimony of one of the witnesses as follows: "They were pretty busy around the still, chunking the fire and toting up wood, and drinking some beer. There was eighteen mash barrels there, and sixteen yet to cook off. I didn't have any conversation with the defendant more than he asked me if I wanted a drink of whisky or some beer."

Appellant offered no testimony.

Appellant's motion for a new trial was predicated upon alleged newly discovered evidence. It was averred in the motion, in substance, that Perry Moore had been tried on a charge of manufacturing intoxicating liquor, which grew out of the same transaction upon which the indictment in the present case was predicated; that upon the trial of Moore's case the state's witness in the present case had testified that he had seen Perry Moore and the appellant in the present case at the still at ten o'clock in the morning on the 13th of January, 1931; that on the present trial appellant was not represented by counsel, and, not understanding how to examine witnesses, failed to interrogate the state's witnesses as to the time he visited the still; that appellant did not learn until after his trial that the state's witnesses visited the still at ten o'clock in the morning; that the named witnesses, whose affidavits were attached to the motion for a new trial, would testify that they saw appellant in his automobile leaving for Tyler, Texas, at about ten o'clock in the morning,—January 13, 1931; that appellant did not know that the witnesses would testify to such fact until after he had been convicted. The motion for new trial was signed and sworn to by Tom Stapler. The affidavits of the alleged newly discovered witnesses were attached to the motion for new trial. Several of these affidavits were taken and sworn to before one of appellant's counsel. Appellant's affidavit is not present in the record.

It is recited in the order overruling the motion for new trial that evidence was heard. Such evidence is not brought forward. We must therefore indulge the presumption that the court's action in overruling the motion was correct, and that the trial court acted upon evidence which was sufficient to justify his action. Sanchez v. State, 111 Texas Crim. Rep., 565, 15 S. W. (2d) 632; Sykes v. State, 109 Texas Crim. Rep., 39, 2 S. W. (2d) 863; Crouchette v. State, 99 Texas Crim. Rep., 572, 271 S. W., 99; Hughey v. State, 98 Texas Crim. Rep., 413, 265 S. W., 1047.

It is observed that the motion for new trial was not supported by the affidavit of appellant. It is the general rule that a motion for new trial

on the ground that new testimony material to the defendant had been discovered since the trial should be supported by the affidavit of the defendant, as well as that of the proposed witnesses when practicable, and the same should be explicit enough to satisfy the court that the new testimony is in fact newly discovered testimony and that it was not known to the defendant until after the trial, and that it was not owing to a want of diligence that it was not discovered sooner. Section 195, Branch's Annotated Penal Code; Frickie v. State, 40 Texas Crim. Rep., 626, 51 S. W., 394; Gotcher v. State, 66 Texas Crim. Rep., 522, 148 S. W., 574; Bracher v. State, 72 Texas Crim. Rep., 198, 161 S. W., 124.

Again, diligence was not shown. It was incumbent upon appellant to satisfy the trial court that the new testimony came to his knowledge since the trial, and that it was not owing to the want of due diligence that it was not discovered sooner. Branch's Annotated Penal Code, sec. 198; Whitfield v. State, 40 Texas Crim. Rep., 14, 48 S. W., 173. See, also, Arnold v. State, 115 Texas Crim. Rep., 189, 29 S. W. (2d) 762.

Failing to find error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The inexperience of a deputy in the office of the clerk of the district court of Wood county, who prepared the transcript in this case, led to certain statements in our opinion which would not have been made had the transcript been accurately prepared. The motion for new trial was in fact signed and sworn to by this appellant and not by Tom Stapler as stated in our former opinion. The statement in the order of the court that the court heard the motion for new trial "and the evidence thereon submitted," should not have contained the statement just quoted, nor were the affidavits appended to the motion for new trial sworn to by one who was an attorney for the accused. While of the same name as one of appellant's attorneys, the notary public was in fact a different person.

Reviewing the case in the light of these corrections made necessary by the inaccuracy of the transcript, same fails to convince us that appellant should have had a new trial sought because of newly discovered evidence. Said evidence if true would have only showed that on the morning of January 13, 1931, appellant and his brother, in a car with another person, went to Mineola, Texas, the theory of appellant being that if he was in Mineola, or on the road to that town, on the morning of January 13th, the state's case would be thus destroyed. To require the granting of a

new trial, the newly discovered evidence must in fact be shown to be newly discovered; also it must appear of such nature as to lead to the necessary conclusion that if before the jury a different result would likely have come about; also that the failure to discover same was not the result of the neglect of the accused. The affidavit of Mr. Russell, appended to the motion for new trial, was in effect that he knew appellant and his brother well, and that they were in his store in Mineola on January 13, 1931, and bought goods from him. The affidavit of Corley set out that on the morning of January 13, 1931, he saw appellant and his brother in the East Side Barbershop in Mineola; that he had known them well all their lives. Miss Veitch made an affidavit that on the morning of January 13, 1931, she saw appellant and his brother and another man pass her house going in the direction of Mineola, and that later that morning she saw appellant and his brother on the street of Mineola but did not speak to them. Mr. Pogue made affidavit that he saw appellant and his brother pass his house on the morning of January 13, 1931, going toward Mineola.

For at least two reasons we could scarcely hold the showing of diligence sufficient. The state witnesses, O. W. Bailey and his son, both testified that they had known appellant a long time, approximately all of his life, and that they saw him at a still, where whisky was being made and talked to him, and could not be mistaken. That this occurred *on or about* January 13, 1931. The state is not bound by the exact allegation as to a date, nor did these witnesses undertake to bind themselves by an exact date. Again there is an absolute lack of diligence in regard to the discovery of evidence to support the alibi of appellant as to his whereabouts on the morning of January 13th. If in fact he was not at the still as sworn to by the Baileys, and not denied by him during the trial, but was on the road to Mineola, and in the store of Mr. Russell in Mineola, and in the East Side Barbershop in the same town,—he knew these facts, and the requirement of diligence would have compelled him to have brought, or made an effort to bring to court, witnesses whom he saw in Mineola, and also to make some kind of investigation along the road between his home and Mineola for the purpose of finding out if parties saw him pass. Appellant did not take the stand and testify to an alibi. He did not have to, but certainly could not sit idly by, knowing that he had been down the road thirty miles on that morning to Mineola and had passed hundreds of houses, and knowing that he had purchased goods from Mr. Russell in Mineola, and that he saw Corley in a barber shop in said town.

The motion for rehearing will be overruled.

*Overruled.*