The appeal is reinstated and the judgment is affirmed.

*Affirmed.*

### ED WELLS v. THE STATE.

No. 16835.   Delivered June 13, 1934.
Appeal Reinstated October 17, 1934.
Rehearing Denied December 12, 1934.
Reported in 76 S. W. (2d) 1047.

The opinion states the case.

*M. E. Gates* and *Gordon Burns,* both of Huntsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for five years.

The recognizance for appeal is fatally defective. It is in the form of an ordinary appearance bond. It fails to state that appellant has been convicted of a felony, and does not provide that appellant is bound to abide the "judgment of the Court of Criminal Appeals of the State of Texas." See article 817, C. C. P.; also Moore v. State, 51 S. W. (2d) 583. Appellant being enlarged on a fatally defective recognizance, this court is without jurisdiction. Moore v. State, supra.

Appellant is granted 15 days from this date in which to perfect his appeal.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON THE MERITS.

HAWKINS, JUDGE.—On June 13, 1934, the appeal was dismissed because of a defective recognizance. In connection with a motion to reinstate the appeal it is shown that appellant has entered into a proper appeal bond since the appeal was dismissed. The appeal is re-instated and will be considered on the merits.

Conviction was for possession of intoxicating liquor for the purpose of sale, punishment being assessed at five years in the penitentiary. It was alleged in the indictment that appellant possessed for the purpose of sale intoxicating liquor on or about February 18, 1933. As a basis for enhancing the punishment it was averred that appellant had been convicted in May, 1930, in the district court of Walker County, Texas of the offense of unlawfully selling intoxicating liquor.

Mr. Mitchell, the sheriff of Walker County, in company with Mr. Lindley, his deputy, went to the home of appellant's mother with whom appellant resided, having a warrant for the arrest of appellant. When they reached the place Lindley remained in the car. The sheriff went to the door and knocked, and informed the lady who came to the door that they desired to see appellant. From the car Lindley saw appellant under the house, and observed that he was putting something in a box; he could see that the articles being put in the box by appellant were bottles, and from where he was he could hear the bottles rattling. After the sheriff brought appellant to the car Lindley went around under the house and got the box and brought it to the car. The box had six pints of whisky in it. Lindley returned to the house and under it also found five more pints of whisky. It was in a box in the ground and was covered over with dirt, with a trap door over the box. As Lindley started back to the car with the whisky last found appellant said not to bring it out where everybody could see it, but to cover it up. Lindley then covered it up with a sack and it was brought to the car. Appellant then asked the sheriff to break the whisky and told him "If you will break this whisky I will never bootleg any more, or never sell any more whisky."

Appellant's defense was that the whisky found at his mother's house at the time related by the officers belonged to his brother, Neal Wells, whom appellant claims had put the

whisky under the house, and that at his brother's direction he was getting the whisky to take to his brother's house at the time the officers saw appellant under the house. He testified that he had gotten six pints of whisky in the box before he was called by his mother, and informed that the sheriff wanted to see him. He also testified that he told the sheriff he wanted to break the whisky, his reason being that if it was broken it would not get anybody into trouble, and that he told the sheriff he would bootleg no more.

Appellant filed a motion for change of venue alleging that there existed in Walker County so great a prejudice against him that he could not obtain a fair and impartial trial. The affidavit was signed by ten parties. The motion was resisted by the State in an affidavit which attacked the means of knowledge of the compurgators for appellant. Seven witnesses, all of whom had signed the affidavit supporting appellant's motion, were examined before the court at the time the motion was submitted. It is not necessary to set out the testimony of the witnesses in full. The court qualified the bill of exception complaining of his refusal to grant the motion and the qualification fairly reflects the testimony of the witnesses offered by appellant in support of his request to have a change of venue. The court's qualification is as follows:

"On his application for a change of venue the defendant used seven witnesses, all of whom reside in Huntsville, Texas. Each of these witnesses testified that it was their opinion that the defendant could not obtain a fair and impartial trial in Walker County because of the fact that in said county there existed a prejudice against him. These witnesses testified further that neither of them had made any effort to ascertain the feeling of the people in the other communities of Walker County toward the defendant. Neither of them could name a man whom they had heard express a prejudice against the defendant, or an opinion that he could not obtain a fair and impartial trial. While this examination of these seven witnesses was being conducted, the court had retired the jury; upon the conclusion of this examination the court had the jury returned and sworn and at length questioned them as to whether or not either of them had formed in his mind such a conclusion as to the guilt or innocence of the defendant as would be likely or liable to prevent him from arriving at a fair and impartial verdict. The jury was also questioned about prejudice or ill-will against the defendant, and no condition of this kind was found in the mind of any juror. No juror disqualified on account of

having either prejudice against the defendant, or an opinion as to his guilt or innocence. Finding this condition, the application for a change of venue was by the court overruled."

After examining the testimony presented on the issue we think the record is fairly reflected in the qualification to the bill, and that no error is shown. Walker v. State, 60 S. W. (2d) 455.

By bill of exception number two appellant complains of the action of the court in permitting officer Lindley to testify to the fact that he got from under the house a box containing six pints of whisky, and of also finding buried five pints of whisky, the grounds of objection being that the officers had no search warrant, and that no offense was shown to have been committed in the presence of the officers which would authorize such search. In qualifying the bill the court justifies the admission of such evidence on two grounds, first: that the residence under which the whisky was found was owned by appellant's mother and was her residence; that appellant was merely living there with her, and that officer Lindley testified that the mother gave him her permission for the search to be made. Lindley's testimony was not controverted. The second ground upon which the court justified the admission of the evidence was that from his position in the car at the time the sheriff went to the door Lindley saw appellant under the house about sixty feet away, saw the packages he was putting in the box, saw the bottles and saw that they contained whisky, and could hear the bottles rattling, and that a felony was being committed in the presence of the officers. It was not a case where the officers were upon the premises without authority. They had a warrant for appellant's arrest, and therefore, were properly there. Hayes v. State, 115 Texas Crim. Rep., 644, 28 S. W. (2d) 556, and cases therein cited.

In bill of exception number three appellant complains because officer Lindley was permitted to testify that he started to the car with the last five pints of whisky found by him, and that appellant asked him not to bring it out that way, but cover it up, and that after that he put the whisky in a sack and brought it to the car. Lindley also testified he heard appellant ask the sheriff to break the whisky and tell the sheriff that he would never bootleg any more, and never sell any more whisky. The objection urged was that appellant was under arrest at the time the statements attributed to him were made. The court qualified the bill by stating that the things said and done were contemporaneous with the principal transaction and were

immediately associated with the act of appellant in possessing the whisky.

At the time the conversation was had officers had put six pints of whisky in the car which they had seen appellant handling under the house, and Lindley was at the time bringing the five pints last found to the car. It was the very whisky which appellant was charged with having been in possession of for the purpose of sale. It occurs to us to be res gestate of the possession of the liquor.

We further observe that even had the testimony been improperly admitted it would not have furnished ground for reversal. Appellant himself testified to the same facts while giving evidence in his own behalf on the trial. See Flower v. State, 18 S. W. (2d) 659; Machado v. State, 112 Texas Crim. Rep., 538, 17 S. W. (2d) 1060.

Finding no error in the record upon which a reversal can be properly predicated, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—We find in the record a sworn request made by appellant asking that he be permitted to withdraw his motion for rehearing, and that the judgment of the trial court be affirmed. Tantamount to the request, the motion for rehearing will be overruled.

*Overruled.*