## MOORE v. STATE.
### No. 17015.

Court of Criminal Appeals of Texas.
Nov. 14, 1934.

Appeal Reinstated Jan. 2, 1935.

H. L. Edwards, of Mt. Vernon, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

The bond appearing in the record, apparently given and taken as an appeal bond in this case, is wholly insufficient. Instead of reciting that the appellant has been duly convicted of a felony in the district court of Franklin county, said bond recites that appellant stands charged by indictment and is bound to well and truly make his personal appearance before the district court of Franklin county. The terms required by statute for a bond upon appeal in a felony case are prescribed in articles 817, 818, C. C. P.

Our attention is further called to the fact that such bond as appears in this record is only approved by the sheriff. The statute requires that an appeal bond be approved by both the sheriff and the district judge.

Having no jurisdiction because of a defective appeal bond, the appeal is dismissed.

On Motion to Reinstate Appeal.

HAWKINS, Judge.

At a former day of the term, the appeal was dismissed because of a defective appeal bond. In connection with the motion to reinstate, it is shown that a proper appeal bond duly approved by the trial judge and the sheriff is now on file in the lower court; hence the appeal is reinstated.

Our attention is now called to the fact that the indictment is fatally defective; it containing the same fault as appeared in the indictment in Offield v. State (Tex. Cr. App.) 75 S.W.(2d) 882.

Under authority of the case mentioned, the judgment is reversed and the prosecution ordered dismissed under the present indictment.