TRAVIS TEEL V. THE STATE.

No. 17903. Delivered February 5, 1936.
Appeal Reinstated March 4, 1936.

The opinion states the case.

*Earl M. Greer,* of Wills Point, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is driving an automobile while intoxicated; penalty assessed at confinement in the penitentiary ·for one year.

The appeal bond appearing in the record is insufficient to authorize consideration of the appeal by this court for the reason that it is not approved by the trial judge. The statute,. Art. 818, C. C. P., requires that the bond be approved by both the judge and the sheriff. See Wood v. State, 83 S. W. (2d) 670, and cases cited.

The appeal bond is also defective in that it fails to state that appellant *has been convicted of a felony,* as is required by Art. 817, C. C. P. See Moore v. State, 51 S. W. (2d) 583, and cases cited; also Wells v. State, 76 S. W. (2d) 1047; Moore v. State, 77 S. W. (2d) 1046.

Appellant is granted fifteen days from this date in which to perfect his appeal.

The appeal is dismissed.

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—This appeal was dismissed at a former day of this term because of a defective appeal bond. The defect has been remedied. The appeal is reinstated, and the case now considered on its merits.

The only question raised is the refusal of a continuance. Appellant asked a continuance because of the absence of a witness named White. The averment in the application for continuance is that White had been subpoenaed as a witness, was not present, and the accused did not know why he was not there. No process was attached to the application, or exhibited during the hearing. No affidavit of the absent witness was appended to the motion for new trial. We do not know whether the witness had been subpoenaed under such circumstances as to call for the issuance of an attachment or not. We presume correctness in the ruling of the trial court in the absence of a showing to the contrary.

The testimony for the State was very plain and positive to the effect that appellant drove a car on a public highway while intoxicated on the occasion in question. Appellant's brother and father testified to seeing him on said day, and that in their opinion he was not drinking whisky. The testimony was ample to support the conclusion of guilt arrived at by the jury. We perceive no error in any matter of procedure.

The judgment is affirmed.

*Affirmed.*