## E. C. RANDOLPH v. THE STATE.

No. 19697.   Delivered May 4, 1938.
Appeal reinstated June 8, 1938.

The opinion states the case.

*W. D. R. Owen,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for two years.

The appeal bond is defective in that it fails to state that appellant has been convicted of a felony, as is required by Article 817, C. C. P. Teel v. State, 91 S. W. (2d) 747. It is recited in the bond that appellant "stands charged with the offense of a felony, to-wit: theft of an automobile of the value of more than fifty dollars." Nowhere is it shown that there was a conviction. See Wall v. State, 7 S. W. (2d) 958.

Appellant being enlarged under a fatally defective appeal bond, this Court is without jurisdiction. Wall v. State, supra.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON REINSTATEMENT OF APPEAL.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

It appears that, through no negligence on the part of either appellant or his attorney, appellant has been deprived of a statement of facts. Upon the affidavit of the appellant, timely filed, to the effect that he was unable to pay for a statement of facts or give security therefor, the trial judge entered an order directing that the court reporter immediately prepare a statement of facts in this cause. The court reporter failed to comply with said order. On the point in question the State's Attorney before this Court confesses error.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.