## R. O. MOORE v. THE STATE.

No. 19914. Delivered November 9, 1938.
On Motion to Reinstate Appeal January 11, 1939.
On State's Motion for Rehearing March 8, 1939.
Rehearing Denied (Without Written Opinion) April 12, 1939.

The opinion states the case.

*Rogers & Spurlock,* of Fort Worth, for appellant.

*Gene B. Turner,* District Attorney, of Cleburne, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of passing a forged instrument, and his punishment assessed at two years in the penitentiary.

Appellant's appeal bond herein is fatally defective in that nowhere therein does it state that he had been "convicted" of the defense charged in the indictment, which offense is that of passing a forged instrument, knowing the same to have been forged. See Teel v. State, 91 S. W. (2d) 747, and cases there cited.

The appeal is dismissed.

### ON MOTION TO REINSTATE THE APPEAL.

GRAVES, JUDGE.—This appeal was dismissed at a former day of this term because of a defective appeal bond. The defect has been remedied. The appeal is reinstated, and the case now considered on its merits.

The check, the basis of this prosecution, was passed by appellant to Boyce Harp, and Harp testified that appellant told him at such time that he, appellant, had received such check in payment of oil sold to the person signing the check. This testimony, introduced by the State, was in its nature exculpatory, and the duty therefore developed upon the State to show that such statement was not true.

The appellant brings forward only one bill of exceptions, and that contains his exceptions to the court's charge. In such exceptions the failure to charge on such exculpatory statement is clearly brought to the court's attention, and a request embodied therein for the court to charge relative to the duty of the State to show the falsity of this exculpatory statement thus introduced by the State. The trial court failed to thus charge the jury, and we think such a failure was error. We have recently written rather fully on a like matter, and Judge Hawkins has rather fully reviewed the cases relative to such proposition in the case of Otts v. State, 116 S. W. (2d) 1084, and laid down the following as a rule that can be safely followed in the major portion of instances:

"Where the defendant does not testify in the case, and where the State in developing its case in chief introduces in connection with a confession or admission of the defendant an exculpatory statement which, if true, would entitle him to an acquittal, the jury should be told that he is entitled to a verdict of not guilty unless such exculpatory statement has been disproved or shown to be false by other evidence in the case."

On account of the fact that the court refused to give such charge, this judgment is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

GRAVES, JUDGE.—Heretofore this cause has been reversed and remanded because of the trial court's failure to charge on a supposed exculpatory statement made by the accused to the State's witness Harp relative to the receipt of the alleged forged check in payment for oil supposedly purchased from appellant. Upon the filing of this motion, and a careful re-reading of the record, we find that we were in error in our statement relative to what was said by appellant to the witness Harp. Evidently our mistake was based upon the following statement in appellant's brief:

"The evidence shows that he (appellant) passed a check to the complaining witness telling such witness at the time of such passing that the check had been given to him in payment for some oil." This statement is not borne out by the record. We find that appellant made no such statement to any witness whose testimony appears in the statement of facts. We do find, however, where appellant attempted to get his brother to testify to practically the same facts, and that his brother refused

to do so. We also find where one witness for appellant testified that he had seen a man of the same surname as that signed to the check who had purchased a barrel of oil from the witness, but witness only knew the surname of the purchaser of the oil. We find nothing further in the record that would exculpate the appellant. We do find many circumstances that would inculpate him. We also find that the court gave a proper charge on circumstantial evidence as well as a charge, in substance, saying that if the jury found, or had a reasonable doubt thereof, that a man by the name of Less G. Armstrong (the name signed to the check) gave this check to appellant, to acquit the appellant.

We misapplied the rule set forth in the Otts case, supra, to these present facts; they do not call for an application thereof. It will be noted that appellant was charged and convicted herein of passing a forged instrument, knowing the same to have been forged. Had he made the statement claimed to have been made by him to Mr. Harp, it would only have exculpated him from the offense of having *made* the instrument alleged to have been forged; it would not have exculpated him from having had the knowledge that same was a forged instrument at the time he passed the same as true. Had he been convicted of himself making the instrument, a different situation may have arisen, but under his conviction for knowingly passing as true such check, this condition does not arise. Thus believing, we find that we were in error in applying the rule in the Otts case to the facts shown herein.

We now think that this matter was properly disposed of by the trial court, and the State's motion for a rehearing is granted, our judgment of reversal is hereby set aside, and the trial court's judgment is affirmed.