City of Edinburg v. Garces, et al.








NUMBER 13-01-00365-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

______________________________________________________________


CITY OF EDINBURG, Appellant,


v.


RAFAEL GARCES AND BELINDA GARCES, INDIVIDUALLY, AND AS 

REPRESENTATIVES OF THE ESTATE OF RAFAEL GARCES, II, DECEASED 

AND AS NEXT FRIENDS OF ADRIAN SAENZ, Appellees.

______________________________________________________________


On appeal from the 275th District Court of Hidalgo County, Texas.

______________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Justice Hinojosa


Appellant, the City of Edinburg, appeals from the trial court's orders denying its plea to the jurisdiction and motion for
summary judgment. We affirm the denial of the City's plea to the jurisdiction. We dismiss the City's appeal of the denial
of its motion for summary judgment for lack of jurisdiction. 

A. Background


The record reflects that on November 2, 1997, three-year-old Rafael Garces II ("Ralphy") visited the Edinburg Parks and
Recreation Center with his father and older brother, Adrian Saenz ("Adrian"). After the group exited the Center at
approximately 7:00 p.m., Ralphy was struck by an automobile on East Palm Drive in front of the center. Ralphy's father and
Adrian witnessed the accident. Ralphy died a short time later. 

The area of the street where Ralphy was struck was normally enclosed by crosswalk stripes which lead from the center to
the parking lot across East Palm Drive. However, the City had hired a contractor to reclaim part of East Palm Drive,
resulting in removal of the crosswalk stripes. The reclamation job was completed on or before October 21, 1997. The City
repaved the street on October 21, 1997. However, the crosswalk was not repainted until November 7, 1997, four days after
the accident and sixteen days after repaving. Raised reflective pavement markers were also installed at that time.

Ralphy's parents, Rafael Garces and Belinda Garces, acting individually, as representatives of Ralphy's estate, and as next
friend of Adrian ("appellees"), sued the City. They alleged in their fourth amended petition that the City's negligence (1) in
failing to timely repaint the crosswalk stripes and (2) in failing to properly operate and maintain a "Watch Children" sign
with two flashing beacons adjacent to the crosswalk proximately caused the accident that resulted in Ralphy's death. (1)

B. Issues Presented


In its first issue, the City contends the trial court erred in denying its plea to the jurisdiction. In its second issue, the City
contends the trial court erred in denying its motion for summary judgment.

C. Jurisdiction


Under Texas procedure, appeals are allowed only from final orders or judgments. Jack B. Anglin Co. v. Tipps, 842 S.W.2d
266, 272 (Tex. 1992); North East Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). Unless a statute
specifically authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over final judgments.
Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985) (orig. proceeding);Aldridge, 400 S.W.2d at 895.

We have jurisdiction to hear an interlocutory appeal of the denial of a motion for summary judgment if the motion was
based on an assertion of immunity by a governmental official or employee, (2) or if it was based on a First Amendment
defense by a member of the electronic or print media. (3) Because the City's motion for summary judgment was not based
on either one of these issues, we conclude we are without jurisdiction to address the City's second issue. See City of
Mission v. Ramirez, 865 S.W.2d 579, 582 (Tex. App.-Corpus Christi 1993, no writ). 

We have jurisdiction to hear an interlocutory appeal of an order granting or denying a plea to the jurisdiction by a
governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2001). It is undisputed that the City
is such a governmental unit. Accordingly, we conclude we have jurisdiction to consider the City's first issue.

D. Standard of Review


We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review. Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S. 1144 (1999); Denton County v. Howard, 22 S.W.3d
113, 118 (Tex. App.-Fort Worth 2000, no pet.). A plea to the jurisdiction contests the authority of a court to determine the
subject matter of the case. Dolenz v. Tex. State Bd. of Med. Exam'rs, 899 S.W.2d 809, 811 (Tex. App.-Austin 1995, no
writ). The plaintiff bears the burden of alleging facts affirmatively demonstrating the trial court's jurisdiction to hear a case. 
Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Mission Consol. Indep. Sch. Dist. v. Flores,
39 S.W.3d 674, 676 (Tex. App.-Corpus Christi 2001, no pet.); El Paso Cmty. Partners v. B & G/Sunrise Joint Venture, 24
S.W.3d 620, 623 (Tex. App.-Austin 2000, no pet.). The trial court must construe the plaintiff's pleadings liberally in favor
of jurisdiction. Peek v. Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989). 

In a case brought under the Texas Tort Claims Act ("TTCA"), we must examine the plaintiff's pleadings to decide whether
sovereign immunity has been waived. Tex. Dep't of Crim. Justice v. Miller, 51 S.W.2d 583, 587 (Tex. 2001) (citing Tex.
Dep't of Transp. v. Jones, 8 S.W.3d 636, 639 (Tex. 1999)). To determine whether the plaintiff has affirmatively
demonstrated the court's jurisdiction to hear the case, we consider the facts alleged by the plaintiff, and to the extent it is
relevant to the jurisdictional issue, the evidence submitted by the parties. Miller, 51 S.W.3d at 587; Tex. Natural Res. &
Conservation Comm'n v. White, 46 S.W.3d 864, 868 (Tex. 2001); Tex. Ass'n of Bus., 852 S.W.2d at 446. 

E. Waiver of Sovereign Immunity


Texas courts have long recognized that sovereign immunity protects the State of Texas, its agencies, and its officials from
lawsuits for damages absent a legislative consent to sue. Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997);
Mount Pleasant Indep. Sch. Dist. v. Lindburg, 766 S.W.2d 208, 211 (Tex. 1989). Immunity from suit bars a suit against
the State unless the State has expressly consented to the suit. Id. Legislative consent to sue must be by clear and
unambiguous language, in either a statute or by other express legislative permission. Jones, 8 S.W.3d at 638; Fed. Sign,
951 S.W.2d at 405. Absent the State's consent to suit, a trial court lacks subject matter jurisdiction over a suit against a
governmental unit. Jones, 8 S.W.3d at 638. Because immunity from suit defeats a trial court's subject matter jurisdiction,
it is properly asserted in a plea to the jurisdiction. Id. at 638-39. 

To avoid dismissal for lack of subject matter jurisdiction, a plaintiff must fully comply with all the provisions of the TTCA. 
See State v. Kreider, 44 S.W.3d 258, 262 (Tex. App.-Fort Worth 2001, pet. denied); Lamar Univ. v. Doe, 971 S.W.2d 191,
197 (Tex. App.-Beaumont 1998, no pet.); Tex. Parks & Wildlife Dep't v. Garrett Place, Inc., 972 S.W.2d 140, 143 (Tex.
App.-Dallas 1998, no pet.). In this case, it is undisputed that appellees' claims against the City are subject to the limitations
imposed by the TTCA. See Univ. of Tex. Med. Branch at Galveston v. York, 871 S.W.2d 175, 176 (Tex. 1994) (negligence
claims fall under TTCA). Because the City is a governmental unit, any such claim brought against it must be brought under
the terms of the TTCA or the claim will be precluded by the doctrine of sovereign immunity. See Benavides v. Dallas-Fort
Worth Int'l Airport Bd., 946 S.W.2d 576, 578 (Tex. App.-Fort Worth 1997, no writ).

Mere reference to the TTCA does not establish the State's consent to be sued, and thus, is not enough to confer jurisdiction
on the trial court. Miller, 51 S.W.3d at 587. The TTCA provides a limited waiver of sovereign immunity, allowing suits to
be brought against governmental units only in certain narrowly defined circumstances. Id.; Dallas County Mental Health &
Mental Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998). Therefore, we must look to the terms of the TTCA to
determine the scope of its waiver. Miller, 51 S.W.3d at 587; Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 584 (Tex.
1996). Then, we must consider the particular facts of the case before us to determine whether it comes within that scope. 
Miller, 51 S.W.3d at 587.

F. The City's Plea to the Jurisdiction


In its plea, the City asserted that the case was not within the waiver of governmental immunity because (1) the City had no
notice of any problems with the crosswalk or warning sign, and (2) the City's decisions regarding the operation and
maintenance of the crosswalk and warning sign were discretionary, and thus, not within the waiver.

G. The City's Arguments on Appeal


On appeal, the City contends the trial court erred in denying its plea to the jurisdiction because (1) the City had no notice,
as required for the waiver of sovereign immunity provided under section 101.060, of any problems with the lack of
crosswalk stripes or the "Watch Children" sign, and (2) appellees have not properly pleaded or proved the elements
necessary to invoke the TTCA waiver of sovereign immunity.

1. Did the City Have the Notice Required by Section 101.060?


The waiver of sovereign immunity does not apply to a claim arising from:

 


 the failure of a governmental unit initially to place a traffic or road sign, signal, or warning device if the failure is a
result of discretionary action of the governmental unit;


 


 the absence, condition, or malfunction of a traffic or road sign, signal, or warning device unless the absence, condition,
or malfunction is not corrected by the responsible governmental unit within a reasonable time after notice; or


 


 the removal or destruction of a traffic or road sign, signal, or warning device by a third person unless the governmental
unit fails to correct the removal or destruction within a reasonable time after actual notice.


Tex. Civ. Prac. & Rem. Code Ann. § 101.060(a) (Vernon 1997).

Section 101.060(a)(2) and (3) contain the legal basis of appellees' case. In their pleadings, appellees alleged that: (1) the
City had notice of the dangerous and defective condition of the absent crosswalk stripes because it had caused the stripes to
be removed by the contractor, and (2) the City knew of the dangerous and defective condition of the "Watch Children" sign
because it had set the timer so that the warning lights would not operate at night. Appellees also alleged that the City had
failed to correct these problems within a reasonable time.

On appeal, the City asserts it had no notice of any problems with either the crosswalk or the warning sign. Therefore, the
City argues, appellees have failed to invoke the waiver of sovereign immunity provided by section 101.060.

Before governmental immunity is waived under section 101.060(a)(2), the governmental unit must either have known or
should have known of the condition, and failed to remedy the condition within a reasonable time after such notice. Robnett
v. City of Big Spring, 26 S.W.3d 535, 538 (Tex. App.-Eastland 2000, no pet.). Actual notice is required for waiver of
immunity under section 101.060(a)(3). Id.; see also City of Baytown v. Peoples, 9 S.W.3d 391, 396 (Tex. App.-Houston
[14th Dist.] 1999, no pet.).

Appellees pleaded and proffered evidence that: (1) the City knew the crosswalk had been removed, (2) the City intended to
replace the crosswalk, (3) the repaving was completed on October 21, 1997, (4) the crosswalk could have been repainted as
early as the day the repaving was completed, and (5) the crosswalk was not repainted until November 7, 1997, sixteen days
after the City completed the repaving and four days after the fatal accident. We hold appellees' pleadings and proof
regarding the City's notice of the absence of the crosswalk are sufficient to withstand a jurisdictional challenge.

We need not address the City's argument regarding its alleged lack of notice of the condition of the warning sign because
when a trial court has jurisdiction over any claim against a governmental entity, it should deny the entity's plea to the
jurisdiction. Harris County Flood Control Dist. v. PG & E Tex. Pipeline, L.P., 35 S.W.3d 772, 773 (Tex. App.-Houston
[1st Dist.] 2000, pet. dism'd w.o.j.); Aledo Indep. Sch. Dist. v. Choctaw Props., L.L.C., 17 S.W.3d 260, 263 (Tex.
App.-Waco 2000, no pet.) ("it does not serve the legislative purposes for which interlocutory appeals of pleas to the
jurisdiction were allowed to fragment the appeal on less than the entire case against a defendant"); see also Speer v. Stover,
685 S.W.2d 22, 23 (Tex. 1985) (sustaining plea to the jurisdiction requires dismissal of entire case).

2. Have Appellees Properly Pleaded Their Case

so as to Invoke the TTCA Waiver of Sovereign Immunity?


Under the TTCA, a governmental unit is liable for "personal injury and death so caused by a condition of use of tangible
personal property or real property if the governmental unit would, were it a private person, be liable to the claimant
according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 1997). Section 101.021(2)
encompasses governmental liability for premises defects. Tex. Dep't of Transp. v. Able, 35 S.W.3d 608, 612 (Tex. 2000);
DeWitt v. Harris County, 904 S.W.2d 650, 653 (Tex. 1995). If a claim arises from a premises defect, the governmental unit
owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for
use of the premises. Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a) (Vernon 1997). 

The City contends that appellees have not properly pleaded or proved the elements necessary to invoke the waiver of
sovereign immunity under section 101.021. Citing State Dep't of Highways v. Payne, 838 S.W.2d 235, 237 (Tex. 1992),
the City asserts that "to establish governmental liability for a premise defect, a plaintiff must plead and prove that the
condition is unreasonably dangerous, the governmental unit had knowledge of the defect and did not repair or warn of the
defect after a reasonable amount of time, the injured party did not have prior knowledge of the defect, and the defect was
the proximate cause of the injury."

We note that the City did not raise this issue in its plea to the jurisdiction before the trial court. Dismissing a cause of
action based on a plea to the jurisdiction is proper only when incurable jurisdictional defects are shown on the face of the
plaintiff's pleadings. El Paso Cmty. Partners, 24 S.W.3d at 623; Flowers v. Lavaca County Appraisal Dist., 766 S.W.2d
825, 827 (Tex. App.-Corpus Christi 1989, writ denied). The proper remedy for challenging pleading defects is a special
exception. See Tex. R. Civ. P. 91. 

Nevertheless, even if this issue is properly before us, because it is a jurisdictional question that may be raised for the first
time on appeal, we hold that appellees properly pleaded their case to invoke the TTCA waiver of immunity found in section
101.060. Payne addresses the differences between a premises defect case and a special defect case under section
101.022(a). Payne, 838 S.W.2d at 237-39. In the instant case, however, appellees have pleaded the waiver of immunity
found in section 101.060(a), and the limitation of section 101.022, by its own terms, does not apply to section 101.060.
Robnett, 26 S.W.3d at 538; Peoples, 9 S.W.3d at 396. Sections 101.060(a)(2) and (3) condition liability on whether the
governmental unit corrected a malfunction or condition within a reasonable time after notice. See Peoples, 6 S.W.3d at
396; State v. McKinney, 886 S.W.2d 302, 303 (Tex. App.-Houston [1st Dist.] 1994, writ denied); Zambory v. City of
Dallas, 838 S.W.2d 580, 583 (Tex. App.-Dallas 1992, writ denied); City of Pasadena v. Freeman, 731 S.W.2d 590, 593
(Tex. App.-Houston [14th Dist.] 1987, aff'd, 744 S.W.2d 923 (Tex. 1988). 

In their fourth amended original petition, appellees alleged that the City's negligence resulted in the "inadequate and
defective condition of East Palm Drive" (the condition of the crosswalk and warning sign), which proximately caused their
damages, and that these conditions "caused an unacceptable hazard to motorists and pedestrians." They also pleaded that
the City had notice of the conditions and failed to correct them within a reasonable time. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.060(a) (Vernon 1997). We hold that appellees sufficiently pleaded their case to invoke the waiver of sovereign
immunity found in section 101.060(a). We overrule appellant's first issue. 

We affirm the trial court's order denying the City's plea to the jurisdiction. We dismiss the City's appeal of the trial court's
order denying its motion for summary judgment for lack of jurisdiction. 



FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

24th day of January, 2002.

1. Specifically, appellees claimed that the City had set the timer on the sign so that the lights would not operate during
nighttime hours, and that the lights were not flashing at the time of the accident.

2. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (Vernon Supp. 2001).

3. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(6) (Vernon Supp. 2001).