**The STATE of Texas and the Texas Department of Transportation, formerly known as the State of Texas Department of Highways and Public Transportation, Appellants,**

v.

**Luana McKINNEY, Appellee.**

No. 01–93–00178–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 28, 1994.

Rehearing Overruled Oct. 6, 1994.

Richard Mason, Austin, for appellants.

Chris Parks, Carl A. Parker, Port Arthur, Jake Johnson, Houston, for appellee.

Before COHEN, MIRABAL and HEDGES, JJ.

### OPINION

HEDGES, Justice.

In this appeal of a jury award for personal injuries, the State of Texas and its agency, the Texas Department of Transportation, urge that the trial court erred in its submission of the jury charge and that evidence of remedial measures was improperly admitted. We affirm.

On the morning of October 27, 1989, appellee, Luana McKinney, was driving south on highway 288 near Lake Jackson when she was struck by a vehicle travelling westbound on highway 322. The driver of that vehicle, Danielle Mitchell, testified that she had first stopped at a red light, then had proceeded

forward into appellee's lane of traffic when the westbound light turned green. Appellee remembers nothing about the accident. An eyewitness testified that the light was green in the southbound lane in which he and appellee were travelling and that Ms. Mitchell entered the intersection at 30 to 40 miles an hour without stopping.

Appellee sued the State, together with other defendants not parties to this appeal, under the theories of negligence and premises liability. She alleged that the collision was proximately caused by the defective nature of the traffic light's equipment, which allowed it to rotate out of position. Specifically, she argued that because of the misalignment of the signal heads of the traffic light, drivers in both the southbound lane of Highway 288 and in the westbound lane of Highway 332 reasonably believed that they simultaneously had a green light.

The State had contracted with third parties to design and construct the traffic signal light at the intersection of Highways 288 and 332. The collar attaching the mast arm of the traffic light to the supporting pole did not meet State specifications in that (1) the collar was too large, (2) its shape was improper, and (3) it lacked an anti-rotation pin. Rotation of the mast arm could misalign the signal heads, impeding the view of drivers relying on the proper operation of the signal lights. Although the State knew of these conditions from the beginning, it nonetheless approved the installation.

Two months before appellee's accident, a State employee discovered that the mast arm had shifted its position on the pole. The employee corrected the problem by manually aligning the signal heads with the roadway. There is evidence that after the employee's adjustment, the light again rotated out of alignment.

**The Charge**

The trial court refused the State's proffered charge on premises liability and submitted the following jury question instead:

Question No. 1

Did the negligence, if any, of those named below proximately cause the collision in question?

Answer "yes" or "no" for each of the following

a. Pfeiffer & Son

b. Williams Brothers

c. Highway Department

d. Danielle Mitchell

The court then defined "negligence," "ordinary care," "proximate cause," and "circumstantial evidence." The jury found that the State and two other defendants were negligent.

**Omitted Issues**

In points of error one and two, appellant complains that the trial court erred in omitting necessary elements of premises liability in the jury charge, submitting instead a general negligence charge.

Ordinarily, the State is not liable for its own negligence. The Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. ch. 101 (Vernon 1986), provides a limited waiver of sovereign immunity in certain circumstances. Section 101.022 permits a citizen to sue the state for injuries arising from a premises defect. As a general rule, the State is not liable for claims arising from defective traffic signals. TEX.CIV.PRAC. & REM.CODE ANN. § 101.060 (Vernon 1986). The State is liable, however, if it knows about a dangerous condition involving a traffic signal and does not correct it within a reasonable time after notice. *Id.* at § 101.060(a)(2).

In order to recover against the State, appellee had to establish the following elements:

(1) a condition of the premises created an unreasonable risk of harm to the licensee;

(2) the owner actually knew of the condition;

(3) the licensee did not actually know of the condition;

(4) the owner failed to exercise ordinary care to protect the licensee from danger;

(5) the owner's failure was a proximate cause of injury to the licensee.

*State Dept. of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992). Additionally, appellee had to prove that the

State did not correct the traffic signal problem within a reasonable time after notice. TEX.CIV.PRAC. & REM.CODE ANN. § 101.060(a)(2) (Vernon 1986).

Appellee argues that all the issues except negligence and proximate cause were established as a matter of law. Therefore, she contends, no issues were needed on unreasonable risk of harm, the State's knowledge of the condition, appellee's ignorance of the condition, and failure of the State to correct the problem within a reasonable time after notice. Issues on negligence and proximate cause were submitted to the jury, which made findings in appellee's favor. We must decide whether the omitted issues were established as a matter of law.

■ The State admitted that (1) it knew that the collar did not meet specifications when it was installed; (2) it knew that the collar was too large, was the wrong shape, and lacked an anti-rotation pin; and (3) it nevertheless approved the installation. Moreover, the undisputed evidence showed that the State knew (1) that these defects created a risk of misalignment and (2) that actual misalignment, requiring repair, had occurred. Additionally, there is testimony that the movement of the mast arm on a traffic pole creates a risk of harm because the misalignment of the signal lights "would throw traffic out of the channel." We find that this evidence establishes as a matter of law a dangerous condition of the premises (the defective collar), the State's knowledge of this condition, and the State's failure to correct the condition.

A State employee testified that he had observed the mast arm on the afternoon after the accident and that the signals was functioning normally. In his opinion, the signals did not pose an unreasonable risk of harm. This evidence does not controvert the existence of a dangerous condition but rather goes to the issue of causation, which was submitted to the jury. Therefore, it does not impugn the findings as a matter of law of a dangerous condition and the State's knowledge.

We now must decide whether the evidence shows as a matter of law that appellee did not know of the dangerous condition. There is no evidence to show that appellee was aware of the defective condition of the traffic signal. There is evidence that appellee approached and entered the intersection, with a green light, without slowing or using any extraordinary caution. We conclude that it was undisputed that appellee did not know of the defective condition. We hold that the jury charge was not erroneous because any missing issues were proved conclusively in favor of appellee.

We overrule points of error one and two.

**Evidence of Post–Remedial Measures**

In point of error three, appellant argues that the trial court erred in admitting evidence of post-remedial measures taken by the State.

■ Error in the admission or exclusion of evidence merits reversal only when the error was calculated to cause and probably did cause the rendition of an improper judgment. *Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 837 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); TEX.R.APP.P. 81(b)(1). The standard of review is abuse of discretion. *Murphy v. Seabarge, Ltd.*, 868 S.W.2d 929, 932 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

■ The State complains about the admission of the following evidence:

(1) A photograph depicting a wedge (nipple approximately five inches long) that had been placed between the mast arm collar and the pole by State Highway Department employee Augustine Rangel on March 21, 1990, approximately five months after appellee's accident.

(2) A galvanized nipple with threads on both ends about five inches long purporting to be the wedge depicted in that photograph.

(3) A State Highway Department Maintenance Card (Code 3 Card) dated March 21, 1990, showing the insertion of a wedge by Augustine Rangel.

TEX.R.CIV.EVID. 407 provides in part:

(a) Subsequent remedial measures. When, after an event, measures are taken which, if taken previously, would have

made the event less likely to occur, evidence of the subsequent remedial measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent remedial measures when offered for another purpose, such as proving ownership, control or feasibility of precautionary measures, if controverted, or impeachment.

We believe that the three items of evidence were offered to show negligence in violation of rule 407. We find no authority in the record to support the "other purpose" exception. We do not think, however, that this error requires reversal.

■ The State admitted the existence of a dangerous condition and that it knew about it. There is evidence that the State knew that this condition had resulted in the misalignment of the signal lights, requiring repair. An eyewitness testified that appellee unquestionably had a green light. Another witness testified that he had almost had an accident at the same intersection two hours before appellee's accident. As he crossed the intersection on a green light, two other vehicles driving on the cross street stopped abruptly, indicating that they too believed that they had a green light.

In light of this evidence showing the dangerous condition and its consequences, the evidence of subsequent remedial measures was not harmful. We cannot say that this improper admission of evidence caused the rendition of an improper judgment.

We overrule point of error three.

### Appellee's Cross–Point

In her single cross-point, appellee asks this Court to award her 10 percent of the damages award because the State filed the appeal without sufficient cause for the purpose of delay. We decline to do so. The State's assignments of error are plausible and have demanded considerable attention and thought. Clearly there was sufficient cause to pursue this appeal.

We overrule appellee's cross point.

We affirm the judgment of the trial court.