CITY OF BAYTOWN, Appellant,

v.

Patricia PEOPLES, Pamela Mae Peoples, and Alvin Ira Miller, Appellees.

No. 14–98–00818–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 9, 1999.

Steven D. Selbe, Houston, for appellant.

David (Trey) M. Stiles, III, Lauren S. Mattizzi, Keith Edward Coulter, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and DRAUGHN.*

## OPINION

FOWLER, Justice.

On September 23, 1999, we withdrew our previous opinion in this appeal, and we now issue the following one in its place.

* Senior Justice Joe Draughn sitting by assignment.

This case involves the relationship between sections 101.021(2) and 101.060(a)(2) of the Texas Tort Claims Act[1] and official immunity. Appellant, The City of Baytown ("City"), brings this interlocutory appeal after the trial court denied its motion for summary judgment in a lawsuit brought by Appellees, Patricia Peoples, Pamela Mae Peoples, and Alvin Ira Miller ("Peoples"). In one issue, the City appeals the denial of its motion. It claims that it cannot be held liable because its employee is entitled to official immunity. We affirm the trial court judgment because we conclude that this is a premises liability case; it is not a case based on respondeat superior liability for the acts of the employee. Therefore, the employee's official immunity does not negate the governmental unit's potential liability specifically provided for in section 101.060(a)(2).

## THE CONTROVERSY

On April 25, 1997, at approximately 9:35 p.m., Johnny Ray Berry was involved in a traffic accident with Theresa Lachelle White in the city of Baytown. Berry was southbound on Decker Drive and White was eastbound on Bayway Drive. At the intersection of these two streets, the cars collided. Appellees, Pamela Peoples, Patricia Mae Peoples, and Alvin Miller, were passengers in Berry's car at the time of the accident.

Normally, a traffic light controls the intersection of Bayway and Decker Drives; but on the night of the accident, the light was not operating properly. The circuit breaker that controlled the light had malfunctioned, possibly because the electrical power to the light had been disrupted by a storm, which apparently had halted the flow of electricity to a number of lights.[2]

On the night of the accident, John Stombaugh was a signal technician and acting traffic control supervisor for the City. At

approximately 8:46 p.m., Stombaugh received a call about the malfunctioning light at the Bayway/Decker intersection. However, because of the storm, Stombaugh was busy working on other malfunctioning traffic lights. Stombaugh assumed electrical service had been interrupted at the Bayway/Decker intersection, because it was reported that all of the traffic lights were out at that intersection. In Stombaugh's opinion, the light at the Bayway/Decker intersection was not as heavily traveled as other intersections where he was working. Consequently, he did not immediately travel to repair that light. He went to the Bayway/Decker intersection after he repaired the other lights, which had been reported to him. When Stombaugh arrived at the intersection, the accident had already occurred. He noticed that the electricity was working but that the light was not functioning properly because of a bad circuit breaker on the traffic signal. After replacing the bad circuit breaker, Stombaugh restored the light to working order.

To recover for their injuries, Appellees sued Berry and the City. In their suit against the City, Appellees complain about the decisions Stombaugh made the night of the accident. Specifically, Appellees argue that he should have proceeded immediately to the Bayway/Decker intersection, and that he should have erected temporary stop signs, or called another signal technician out to work on the lights. The City contends that Stombaugh, in light of his training, experience, and education, had the discretionary judgment to proceed as he did. It further contends that his actions on the night of the accident were reasonable and necessary to safeguard the public and all areas of the City of Baytown, and that he proceeded in the most reasonable and logical manner possible, and acted in good faith.

---

1. The Texas Tort Claims Act if found in sections 101.001 *et seq* of the Civil Practice and Remedies Code. See TEX. CIV. PRAC. & REM.CODE ANN § 101.001 *et seq* (Vernon 1997).

2. The parties disagree as to whether the electrical service had been restored to the light by the time of the accident.

The City filed a motion for summary judgment arguing two things: (1) that by the terms of the Texas Tort Claims Act, Stombaugh's official immunity shielded it from liability, and thus, it is not liable—as a matter of law—for damages arising from this accident, and (2) that the City had not waived its sovereign immunity because its employee was responding to an emergency situation and did not act with conscious indifference or reckless disregard for the safety of others.[3] The trial court denied the motion for summary judgment, and the City brings this interlocutory appeal challenging that denial.

## STANDARD OF REVIEW

A defendant prevails on a motion for summary judgment if she can establish with competent proof that, as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *See* TEX. R. CIV. P. 166a(c); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). If the defendant bases her motion for summary judgment on an affirmative defense, she must prove all the elements of such a defense as a matter of law. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). Once the movant establishes a right to summary judgment, the non-movant must expressly present any reasons avoiding the movant's entitlement and must support the response with summary judgment proof to establish a fact issue. *See Westland Oil Dev. Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 907 (Tex.1982); *Cummings v. HCA Health Serv. of Texas*, 799 S.W.2d 403, 405 (Tex.App.—Houston [14th Dist.] 1990, no writ).

The standards we must employ for appellate review of summary judgment proof are as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *see Karl v. Oaks Minor Emergency Clinic*, 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

## THE ISSUE

In its sole point of error, the City contends that the trial court erred in denying its motion for summary judgment. Specifically, the City argues that it is entitled to summary judgment because the reason for the delay in repairing the traffic signal in question was a result of discretionary, good faith decisions by its employee, Stombaugh, made in the course and scope of his authority and employment. The City presents the issue thusly: "whether or not a city can be held liable for a delay in repairing a traffic signal where the individual responsible for scheduling that repair has no liability because of official immunity." Alternatively, the City asks, "... does section 101.060(a)(2) eliminate the general rule that a city has no liability for the discretionary, good faith actions of their employees?" In arguing that we must hold that the City benefits from the employee's immunity, the City relies heavily on *DeWitt v. Harris County*, 904 S.W.2d 650, 652 (Tex.1995).

The Peoples do not attempt to distinguish *DeWitt*, and they acknowledge that, generally, official immunity is available to the City to shield it from liability. However, they claim that official immunity is not

---

**3.** On appeal, the City has neither briefed nor discussed the second basis for its motion for summary judgment, thereby abandoning it.

available to the City in this case because section 101.060(a)(2) of the tort Claims Act, which contains a specific waiver of immunity as to traffic lights, controls over the general waiver contained in section 101.021.

After reviewing the statute and cases, we conclude that both of the parties have missed the mark on the real issue in this case. We see the real issue as being the following: whether the City's liability is based on respondeat superior liability, which would mean that the City would be shielded by the official immunity of its employee, or whether its liability derives from a premises defect, which would mean that the City would not be shielded by its employee's official immunity. As we explain below, if this is a premises defect case, 101.060(a)(2) governs, and the City cannot rely on its employee's official immunity, because its liability would be based, not on the actions of its employee, but on a condition of tangible personal property—in short, on an alleged premises defect. *See DeWitt*, 904 S.W.2d at 653.

## THE RELEVANT STATUTES

This case is governed by the Texas Tort Claims Act, which is the statutory tool used by the Texas legislature to address its limited waiver of sovereign immunity. *See id* at 652. Three sections of the Texas Tort Claims Act are relevant to this case. First is section 101.021, the general waiver provision, which sets forth the general limit of the State's willingness to be liable for damages in tort. It is found in subchapter B, entitled "Tort Liability of Governmental Units".

Governmental Liability.

A governmental unit in this State is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997).

The second relevant code provision is 101.022, which discusses the duty the State owes to claimants from injuries or death caused by premise and special defects. It also is found in subchapter B and states the following:

Duty Owed: Premise And Special Defects.

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

The final relevant section is Section 101.060(a)(2); it falls within subchapter C of the Texas Tort Claims Act, entitled Exclusions and Exceptions. This subchapter contains sections which withdraw the general liability set out in 101.021 and exclude liability in very specific situations. However, some of the sections in the Subchapter, provide for limited liability in these specific situations; section 101.060 is such a section. It provides for limited liability for injuries caused by the use,

non-use, or removal of traffic or road signs, signals, or warning devices:

Traffic & Road Control Devices.

(a) This chapter does not apply to a claim arising from:

(1) the failure of a governmental unit initially to place a traffic or road sign, signal, or warning device if the failure is a result of discretionary action of the governmental unit;

(2) the absence, condition, or malfunction of a traffic or road sign, signal, or warning device unless the absence, condition, or malfunction is not corrected by the responsible governmental unit within a reasonable time after notice; or

(3) the removal or destruction of a traffic or road sign, signal, or warning device by a third person unless the governmental unit fails to correct the removal or destruction within a reasonable time after actual notice.

(b) The signs, signals, and warning devices referred to in this section are those used in connection with hazards normally connected with the use of the roadway.

(c) This section does not apply to the duty to warn of special defects such as excavations or roadway obstructions.

Tex. Civ. Prac. & Rem.Code Ann. § 101.060 (Vernon 1997).

These three sections of the Tort Claims Act set forth the limits of the State's willingness to be subject to suit in a case involving traffic signals. However, before we can discuss the impact of these sections on the outcome of this case, we must briefly address the distinction between official immunity and governmental immunity and their relevance to this case.

## GOVERNMENTAL IMMUNITY VERSUS OFFICIAL IMMUNITY

■ This case raises the question of the relationship between governmental immunity and official immunity. The common law doctrine of governmental immunity shields governmental units, including municipalities, from liability except to the extent that immunity has been waived by the governmental unit. See De Witt, 904 S.W.2d at 652; City of Hempstead v. Kmiec, 902 S.W.2d 118, 122 (Tex.App.— Houston [1 st Dist.] 1995, no writ). As noted above, Texas has waived its immunity to a limited extent through the Texas Tort Claims Act. See DeWitt, 904 S.W.2d at 652. Official immunity [4] is a common law affirmative defense that shields governmental officers and employees from liability. See City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex.1994). In Texas, governmental employees and officials are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. See id.

■ Although governmental immunity and official immunity are distinct concepts, through section 101.021 of the Texas Tort Claims Act, they become intertwined in certain circumstances. See DeWitt, 904 S.W.2d at 653–654. For example, in section 101.021(1), the government is not liable if its employee is entitled to official immunity. See id. at 653. This same result can occur in section 101.021(2) if the governmental unit's liability is based on respondeat superior. See id. However, as the Supreme Court explained in DeWitt, section 101.021(2) is broader than section 101.021(1); section 101.021(2) encompasses not only liability based on respondeat superior, but also liability based on premise and special defects. If the liability is based on a premise defect, the governmental unit is not shielded by its employee's official immunity. Id. "With premise defects, liability is predicated not upon the actions of the governmental unit's employ-

**4.** The terms "official immunity" and "qualified immunity", refer to the same type of immunity, and, therefore, are used interchangeably.

ees but by reference to the duty of care owed by the governmental unit to a claimant for premise and special defects as specified in section 101.022 of the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.022 (Vernon 1997)."

This leads us to the issue in this case: whether the City's liability is based on respondeat superior liability, as was the case in *DeWitt*, which would mean that the City would be shielded by the official immunity of its employee, or whether its liability is based on a premises defect, which would mean that the City would not be shielded by its employee's official immunity.

## The People's Lawsuit and Section 101.060

■ Based on the pleadings and the section under which the Peoples are suing, this unquestionably is a premises defect case. First, the People's lawsuit is a classic premises defect suit. They sued the City, in reliance on section 101.060, for failing to warn of the dangerous situation created by the malfunctioning traffic signal. "All signal lights at the intersection were inoperative with no warning of this dangerous situation. Defendant, BAY-TOWN's negligence included failing to provide adequate traffic signals or to post warning of any danger."

Second, they have sued the City under section 101.060(a)(2) for the failure to fix the traffic signal and for failing to warn of danger. Liability is imposed through section 101.060 for premises defects. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.060 (Vernon 1997). Section 101.060(a)(1) excludes liability for the failure of the governmental unit initially to place a traffic or road sign, signal, or warning device if the failure is a result of a discretionary act of the governmental unit. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.060(a)(1) (Vernon 1997). Section 101.060(a)(2) excludes liability for the absence, condition, or malfunction of a traffic or road sign, signal, or warning device unless the absence, condi-

tion, or malfunction is not corrected by the responsible governmental unit within a reasonable time after notice. Likewise, section 101.060(a)(3) also excludes liability for the removal or destruction of a traffic or road sign, signal or warning device by a third person unless the governmental unit fails to correct the removal or destruction within a reasonable time after actual notice. Thus, under section 101.060, liability clearly is based on premises defects.

## Liability in this Case

■ Since we have concluded that this case is a premises case not based on respondeat superior liability, the City's liability is not dependent on the official immunity of its employee. Instead, its liability is governed by section 101.022, which states the duty owed for premises defects, and by section 101.060(a)(2), which pertains to malfunctioning traffic signals. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.022, 101.060 (Vernon 1997).

When we look to section 101.022, we find that, by its own terms, it does not apply to section 101.060: "The limitation of duty in this section does not apply to the duty to warn of the ... malfunction of traffic ... signals ... as is required by Section 101.060." Thus, we are left with 101.060(a)(2); it conditions liability on whether the governmental unit corrects the malfunction within a reasonable time after notice. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.060(a)(2) (Vernon 1997). *See State v. McKinney*, 886 S.W.2d 302, 303 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Zambory v. City of Dallas*, 838 S.W.2d 580, 583 (Tex.App.—Dallas 1992, writ denied); *City of Pasadena v. Freeman*, 731 S.W.2d 590, 593 (Tex.App.—Houston [14th Dist.] 1987), *aff'd*, 744 S.W.2d 923 (Tex.1988). Consequently, liability in this case is not dependent on whether Stombaugh was acting in good faith or engaging in discretionary acts, but on whether the traffic signal at the Bayway/Decker intersection was corrected

within a reasonable time after the City received notice that it was malfunctioning.

However, for purposes of this appeal, the motion for summary judgment was based solely on the City's claim that it was shielded from immunity by Stombaugh's undisputed official immunity. The City did not even address the specific question of whether the light was fixed within a reasonable time. Since the City did not move for summary judgment on the ground that the light was fixed within a reasonable time after notice, we cannot consider that as a ground on appeal. *See* TEX.R. CIV. P. 166a(c); *McConnell v. Southside Sch. Dist.*, 858 S.W.2d 337, 339 (Tex. 1993) (noting that rule 166a requires that a motion for summary judgment must state the specific grounds on which it is based).

## CONCLUSION

In light of these conclusions, we overrule the City's sole issue and affirm the trial court's denial of the City's motion for summary judgment.